UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

KEIAH P ELLIS                                    CIVIL ACTION NO. 24-0370

VERSUS

CRYSTAL LEWIS, ET AL.                    JUDGE S. MAURICE HICKS, JR.

                                                           MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Before the Court are three Motions for Summary Judgment. First, Plaintiff Keiah P Ellis ("Ellis") filed a Motion for Summary Judgment. See Record Document 27. Defendants Crystal Lewis and Angelique Coats (collectively, "Defendants") opposed. See Record Document 31. Ellis replied. See Record Document 34. Second, Defendants filed a Motion for Summary Judgment. See Record Document 35. Ellis opposed. See Record Document 40. Defendants did not reply. Third, Ellis filed another Motion for Summary Judgment. See Record Document 41. Defendants opposed. See Record Document 43. Ellis replied. See Record Document 44. For the reasons stated below, both of Ellis's Motions for Summary Judgment (Record Documents 27 & 41) are **DENIED**. Defendants' Motion for Summary Judgment (Record Document 35) is **GRANTED**. All claims against Defendants are **DISMISSED WITH PREJUDICE**.

**BACKGROUND**

Ellis filed suit against Defendants, who are named in their capacities as Chief Financial Officer and as a purported representative of the "Legal Department" of Carter Credit Union. See Record Document 35-1 at 1; see also Record Document 1 at 2. Ellis alleges that Defendants dishonored and/or failed to deposit two "Due on Demand"

promissory notes to her accounts at Carter Credit Union. See Record Document 35-1 at 1; see also Record Document 1 at 3, 5–6. Ellis asks the Court to order Defendants to reopen her closed checking and savings accounts and "honor and deposit" the promissory notes "for credit on [her] accounts." See id.

**LAW AND ANALYSIS**

**I. Summary Judgment.**

Federal Rule of Civil Procedure 56 provides:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

FED. R. CIV. P. 56(c)(1). Additionally, the United States District Court for the Western District of Louisiana has local rules parties must comply with. Local Civil Rule 56.1 provides discusses Motions for Summary Judgment:

> Motions for summary judgment must be accompanied by a memorandum. The memorandum must contain:
>
> (1) The legal basis on which the mover is entitled to judgment;
>
> (2) The material facts that the mover contends are not genuinely disputed; and
>
> (3) A pinpoint reference to the document or other exhibit that establishes such fact.

LOCAL CIV. R. 56.1.

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56; see also Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 2552–53. (1986). In applying this standard, the Court should construe "all facts and inferences in favor of the nonmoving party." Deshotel v. Wal-Mart La., L.L.C., 850 F.3d 742, 745 (5th Cir. 2017); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."). As such, the party moving for summary judgment bears the burden of demonstrating that there is no genuine issue of material fact as to issues critical to trail that would result in the movant's entitlement to judgment in its favor, including identifying the relevant portions of pleadings and discovery. See Tubacex, Inc. v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995). Courts must deny the moving party's motion for summary judgment if the movant fails to meet this burden. See id.

If the movant satisfies its burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." Id. (citing Celotex, 477 U.S. at 323, 106 S. Ct. 2553). In evaluating motions for summary judgment, courts must view all facts in the light most favorable to the nonmoving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986). There is no genuine issue for trial—and thus, a grant of summary judgment is warranted—when the record as a whole "could not lead a rational trier of fact to find for the moving party…." Id.

**II. Analysis.**

In her first Motion for Summary Judgment, Ellis argues she has "attempted to properly (legally and lawfully) create and endorse negotiable instruments with NO intention of committing fraud of any sort, and repeatedly requested documentation from the financial institution in order to correct any mistakes that may have been unintentionally made." See Record Document 27 at 1. Ellis contends Defendants "have given no legal or lawful rebuttal to prove what makes [her] personal instruments 'bogus' and 'fraudulent….'" See id. at 2. She asks the Court to "order a summary judgment in her favor according to the relief sought in the complaint, ordering [Defendants] to credit accounts according to the orders of the instruments." See id. at 3.

Defendants oppose, asserting that Ellis's Motion is solely based on her unsupported assumptions and assertions, which fall short of the summary judgment standard. See Record Document 31 at 1. Additionally, Defendants state that Ellis's Motion fails to satisfy the criteria of Federal Rule 56, Local Rule 56, and the relevant case law. See id. at 3. Thus, they submit Ellis's Motion should be denied. See id. Ellis responds, reiterating that Defendants have "ignored or consistently been non-compliant to all deadlines, and in doing so, has limited [her] ability to respond in a timely manner." See Record Document 34 at 1. She reasserts reasons for why her Motion should be granted. See id. at 1–2.

In Defendants' Motion for Summary Judgment, they submit they are entitled to summary judgment for two reasons: (1) Defendants have no liability to Ellis due to the performance of her job functions. Because the Complaint does not set forth any facts supporting a claim of personal liability against Defendants, it fails to create a genuine

4

issue of material fact and fails to state a claim upon which relief can be granted. (2) The Complaint fails to provide any details about the notes or any reasoning supporting Ellis's request that the notes be honored. See Record Document 35 at 1. Defendants realize the Complaint is subject to dismissal under Federal Rule 12(b)(6) but have chosen summary judgment to illuminate Ellis's harassment of and attempt to extort Defendants and Carter Credit Union, as well as her brazen abuse of the court system. See Record Document 35-1 at 3. Defendants attach the following documents to their Motion: (1) Defendant Angelique Coats's affidavit; (2) two "Due on Demand Promissory Notes," each in the amount of $500,000,000.00, with Ellis listed as the maker and payee; (3) checking deposit slips for each $500,000,000.00 note; (4) Ellis's birth certificate; and (5) excerpts from 31 Code of Federal Regulations 103.11 (i.e., treasury regulations relating to money and finance), which Ellis cites as authority for the "birth certificate security bond" discussed in her correspondence. See id. at 3–4. Defendants request that summary judgment be granted in their favor. See id. at 4.

Ellis opposes, asserting several reasons for why Defendants' Motion should be denied. See Record Document 40. For example, she argues Defendants "[have] not given the legal/lawful reasons as to why a promissory note to [oneself] is 'fraudulent' or illegal/unlawful. See id. at 1. Ellis contends Defendants "[have] not shown policy reasons that [she] would need to adhere to within the usage of a promissory note…." See id. Furthermore, she states that Defendants "[have] not responded to [her] request to clarify, with specificity, why the promissory notes [she] attempted to use were rejected…." See id. For all the reasons listed, Ellis asks the Court to deny Defendants' Motion. See id. at 2.

In her second Motion for Summary Judgment, Ellis provides, almost verbatim, the same arguments contained in her first Motion. See Record Document 41. She claims she is entitled to summary judgment because there is no "legal or lawful justification as to the reason why [her] instruments were rejected and dishonored…." See id. at 3. Defendants oppose, arguing Ellis's second Motion rehashes the same arguments contained in her first Motion. See Record Document 43 at 1. Defendants reiterate and incorporate their opposition to Ellis's first Motion as their opposition to the second Motion. See id. Ellis's reply reasserts the same arguments contained in her reply to Defendants' Motion. See Record Document 44.

Defendants correctly assert that Ellis's two Motions for Summary Judgment do not comply with Federal Rule 56 or Local Rule 56.1. The instant case resembles Sampy v. Morvant, wherein the plaintiff's motion for summary judgment was procedurally defective. No. 23-00747, 2024 WL 3897148, at *1 (W.D. La. Aug. 21. 2024). Here, Ellis's Motions contain "no memorandum, no legal basis for judgment, no list of undisputed fact, [and] no pinpoint references to exhibits establishing each fact." Id. Ellis's "pro se status does not exempt [her] from this Court's local rules." Id. (citing Robertson v. Williams, No. 23-597, 2024 WL 534957, at *3 (W.D. La. Feb. 9, 2024) ("[E]ven a pro se plaintiff must specifically refer to evidence in the summary judgment record to place that evidence properly before the court."); Muse v. La., No. 21-02419, 2022 WL 21778331, at *1 (W.D. La. Oct. 31, 2022)). Because Ellis's Motions do not comply with Federal Rule 56 and Local Rule 56, denial is warranted. Id. In addition to her procedural defects, Ellis's assertions within her Motions are unsupported and conclusory. Thus, both of her Motions (Record Documents 27 & 41) are **DENIED**.

The Court finds that Defendants have demonstrated there are no genuine issues of material fact, and thus, summary judgment should be granted in their favor. From the summary judgment record, there is no evidence Defendants are personally liable to Ellis or that Defendants must honor or credit Ellis's promissory notes. Therefore, Defendants' Motion for Summary Judgment (Record Document 35) is **GRANTED**. All claims asserted against Defendants are **DISMISSED WITH PREJUDICE**.

## CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Ellis's two Motions for Summary Judgment (Record Documents 27 & 41) are hereby **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (Record Document 35) is hereby **GRANTED**. Therefore, all claims asserted against Defendants are **DISMISSED WITH PREJUDICE**.

A Judgment consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 10th day of February, 2025.

_____
UNITED STATES DISTRICT COURT JUDGE